Samuel Sanchez
Reg.No. 04949-070
P.O.Box 26030
Beaumont,TX
77720-6030

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Samuel Sanchez, Petitioner, | |
| vs. | |
| United States Of America, Respondent. | CIVIL NO. 05-240 |

Comes now Samuel Sanchez, Petitioner **("Petitioner")** and ask the Court to allow him an additional **sixty (60) days** from May 20, 2005 to and including July 20,2005 to perfect his memorandum of points and authorities in support of his **section 2255**, this motion is based on the following:

1. First, Petitioner is non-cognizant of the law and is without the funds to retain counsel, and as such he is dependant on his fellow inmates to assist him with perfacting his memorandum of points and authorities **("Memo.")** and this additional time will allow him to show the court the decisional authority and argument he presents domonstrates he is entitled to relief from his life sentence.

2. Here in the BOP, a prisoner is assigned to a work detail where he is required to be from work call at 7:30 am until 3:30 pm yard and activities recall five days a week.

3. The BOP considers working on one's case a liesure time activity, and must be pursued on a prisoner's off time.

4. The law library is open from 7:30 am until 11:30 am and from 12:30 pm until 3:00 pm yard and activities recall for the 4:00pm count, and after the evening meal from approximately 6:00 pm until 8:00 pm yard and activities recal.

5.Petitioner then has access to the law library from 6:00 pm until 8 pm four days a week (Friday evenings it is closed) and on weekends from 8:00 am until 9:30 yard and activities recall for the 10:am weekend count; and from approximately 12:00 noon until 3:00 pm yard and activities recall for the four pm count.

6. On a weekly basis, Petitioner depending on the level of violence on the yard and meal rotation schedule may have access to the law library for approximately 17 sum hours a week.

7. The law library has at best 12 functional typewriters and space and seating for about 35 prisoners comfortably to serve 1,500 prisoners, and it appears everyone is filing a **Booker claim** irrespective of the fact it does not apply retroactively to initial **2255s.**

8. With respect to violence on the yard and cell lock-downs, here due to an assault on a female correctional officer their was a prison wide cell lock-down and shake down of the prison that lasted over a week, and here the past week the prison came off an additional lock down due to a gang related killing of a prisoner in one of the housing units.

9. Summer and the humid heat is here and historically violence escalates in the U.S.P. so more lock down are sight.

10. It is Petitioner's position that no party will be prejudiced by allowing him this additional time to perfect his memo. in support of his **section 2255,** and the public's interest in the fairness of the proceedings, and the ends of justice will best be served by allowing Petitioner this **sixty (60) days** to perfect his memorandum of points and authorities.

## IN CONCLUSION

**WHEREFORE** and in conclusion Samuel Sanchez ask the Court based on the foregoing to allow him this additional period from May 20, 2005 to and including July 20,2005 to file his memorandum of points and authorities in support of his § 2255, re grant any other relief this Court deems just and proper.

**Dated: May 20,2005**

**Respectfully Submitted:**

Samuel Sanchez
Reg.No.04949-070
P.O.Box 26030
Beaumont,TX. 77720-6030

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| | |
|---|---|
| **United States District Court** | District Of Rhode Island |
| Name: Samuel Sanchez | Case No.: |
| Place of Confinement: United States Penitentiary | Prisoner No.: 04949-070 |
| UNITED STATES OF AMERICA v. Samuel Sanchez | |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court For The District Of Rhode Island

   (b) Criminal docket number (if you know): 00-00141-01L

2. Date of the judgment of conviction: Unknown

3. Length of sentence: Life

4. Nature of crime (all counts): Conspiracy to commit carjacking in violation of 18 U.S.C.,§§ 2 and 371,Ct.two Carjacking with death resulting in violation of 18 USC § 2119(3)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (3) Nolo contendere (no contest) ☐

   (2) Guilty ☒

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. Kind of trial: (Check one)

Jury • • Judge only •X•

7. Did you testify at the trial?

Yes • • No •X

8. Did you appeal from the judgment of conviction?

Yes •X No • •

9. If you did appeal, answer the following:

(a) Name of court: U.S.District Court For District Of Rhode Island

(b) Docket number (if you know): CR-00-00141-01L

(c) Result: Affirmed

(d) Date of result (if you know): Unknown

(e) Citation to the case (if you know): Not published

(f) Grounds raised: Denied a minor role adjustment;2, court refused to depart downward; 3, court erred in departing upward three levels based on 5 different factors, and 4, the sentence was cruel and unusual in violation of the 8th Amendment to the U.S.Constitution.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes X• No • •

If "Yes," answer the following:

(1) Docket number (if you know): Unknown

(2) Result: denied

(3) Date of result (if you know): Unknown

(4) Citation to the case (if you know): Unknown

(5) Grounds raised: violation of Constitutional Rights

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes • • No •X•

11. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: George West, Esquire One Financial Plaza, Ste. 1500 Providence, Rhode Island

(b) At arraignment and plea: Same

(c) At trial: Same

(d) At sentencing: Same

(e) On appeal: Same

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

12. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes • No X

13. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes • No X

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes • No • N/A

For this motion, state briefly every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. Summarize briefly the facts supporting each ground.

CAUTION: If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief. Each one is a separate ground for possible relief. You may raise other grounds besides those listed. However, you should raise in this motion all available grounds (relating to this conviction or sentence) on which you base your claim that you are being held in custody unlawfully.

- Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
- Conviction obtained by use of coerced confession.
- Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
- Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
- Conviction obtained by a violation of the privilege against self-incrimination.
- Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
- Conviction obtained by a violation of the protection against double jeopardy.
- Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
- Denial of effective assistance of counsel.
- Denial of right of appeal.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must set out in the space provided below the facts that support your claims.

GROUND ONE: COUNSEL RENDERED INEFFECTIVE ASSISTANCE DURING THE PROCEEDINGS HELD AGAINST PETITIONER AS FOLLOWS:

A. FAILURE TO CONDUCT PROPER TRIAL INVESTIGATION BY:

1. By failing during the pretrial investigation to interview State investigators and interrogators with respect to the conflicting scenarios co-defendants gave State officers, such as Floyd, Day, Anderson, and Burdic gave State officers concerning what transpired during the evening that led up to the carjacking

and subsequent killings, where Petitioner's co-defendants gave conflicting stories ending up, once federal charges were filed, wrongfully attributing, as if developed; blame and culpability on Petitioner in an attempt to help thenselves.

2. By failing to obtain copies of these conflicting interviews to introduce during the sentencing proceeding to counter the court's and the government's reliance on two of Petitioner's co-defendant's Floyd and Anderson's testimony at Day's trial allegeding Petitioner allegedly urged on the trigger man, Floyd, and his alleged threats against them if they left the scene in denying Petitioner's motions for downward departure for minor participant and in rejecting his diminished capacity defense, and to support its position with respect to denying Petitioner's objections to the PSR, and as the basis to increasing Petitioner's criminal history category three points; and additionally as justification for imposing a life sentencing court stated it wished it could have imposed the death penalty on Petitioner.

The district court's position here was premised on Petitioner's co-defendant's testimony inculpating him in, and blaming him for causing the shooting as herein **Ante set out.** And, also it was purportedly alleged that if the shooter did not shoot the victims; he, Petitioner, would.

3. By failing to hire an investigator to interview these State interviewers and take their depositions and obtain copies of interview reports with respect to the conflicting stories, and/or subpoeana them to testify at the sentencing hearing.

4. By failing to hire an investigator to interview Anderson, Floyd, and in particular Day, and Burdic with regards to statements inculpating Petitioner in allegedly instigating the shootings that the court relied on in assessing Petitioner's role in the killings as equal to that of the shooter.

5. By failing to conduct meaningful consultations with Petitioner during pretrial detention to asertain the need to interview or call additional witnesses in mitigation of the recommended sentence, and in further support of Petitioner's diminished capacity and minor role claim, such as doctors and psychiatrists and other mental health people that treated Petitioner over the years he was in various treatment facilities; in addition to obtaining their records and files to introduce as exhibits, especially since in the final analysis the testimony of the doctor who did testify was apparently inconsistently, and non-substantiated; in addition, to the fact she was not properly qualified or certified to render a professional judgment as to the mental health state of Petitioner at the time of his alleged participation in the killings, where the AUSA established her lack of credentials, sufficiency, and factualness of her testimony, such that the court referred to the doctor's testimony as so much hogwash. **See: Sen.Tran.p.112 lines 13-14.**

Here, in some two plus years Petitioner saw his attorney 5 or 6 times, counsel refused to accept his phone calls and those from family members. And when Petitioner's sister traveled to Petitioner's attorney's office to convey Petitioner's request for attorney consultation at his place of pretrial detention, and the matter Petitioner wished to discuss with counsel concerned withdrawing his guilty plea; Petitioner objected to pleading guilty to murder. Not only

because to Petitioner it represented a life sentence, but importantly, because he was not guilty of the two killings.

With respect to the sentence, counsel in pursuading Petitioner to enter into and accept the conditions of the plea agreement stated that because the offense as charged carried a BOL level of 20 and with his criminal history Petitioner's sentence would be no more than 20 years. But counsel who is an experienced and professional trained attorney had to know at the time he induced Petitioner to plead guilty under the guise his sentence would not exceed 20 years, that under the guidelines and given the nature of the offense the Probation office based on all reasonably determined offense conduct would seek, as mandated by the guidelines, prior to **Booker/Fanfan** where the underlying conduct is carjacking death resulting adjustments for any intended offense conduct such as specific offense characteristics. A trained professional attorney such as Petitioner's counsel is fully cognizant of this mandatory enhancement process with respect to relevant conduct and any intended offense conduct that could be reasonably established; and as such then, Petitioner's attorney would have know the specific enhancement provisions the probation office would be required to raise under the guidelines in Petitioner's case. The enhancements increased his initial BOL from 20 to 43 meaning a life sentence that included the three point increase in Petitioner's criminal history.

6. By failing to object that the government's seeking and arguing for increase in Petitioner's BOL and upward departure in his criminal history constituted a violation of the terms of the plea agreement

where the plea agreement **at p.1 paragraph 2(b)** limited the government to recommending a sentence within the guideline range determined by the court, not that the government will champion a specific guideline and consequent BOL even though the plea agreement did enclude a provision that there was no agreement as to which guideline offense level applied. The terms of the plea agreement did not provide for the government to move the court for a particular BOL, but allowed the Right to argue or present evidence on guideline issues with respect to a term of imprisonment within the range of sentences for the offense level determined by the court under the **U.S.S.G. See: pp. 1 and 2 of plea agreement.**

7. By failing to file a timely motion to withdraw Petitioner's guilty plea when Petitioner had communicated this request verbally and through family members long before his sentencing occurred.

**GROUND TWO.** **THE COURT ABUSED ITS DISCRETION AS FOLLOWS:**

1. By enhancing Petitioner's BOL based on factors clearly encompassed in and accounted for in the charged offense that set the BOL at 20.

2. For example by double counting, in that the offense conduct that formed the basis to the enhancements were factors taken into account in the selection of the guideline, thus the double counting.

3. The district court clearly and improperly determined it lacked the authority to depart downward.

With respect to this claim, the sentencing court clearly demonstrated that the court, in this case, did not have the discretion to depart downward where the court stated **at p. 114 lines 13 to 16 of Sen. Tran.** "I'm satisfied I don't have the discretion to depart downward. And even if I had the discretion I would not...."

4. The court abused its discretion by upward departing three criminal history points under **4(a)1.3** where Petitioner's rap sheet of past charges and/or alleged conduct did not under represent the seriousness of his criminal history; which increased his sentence from a range of 324 months 405 months to a mandatory life sentence. **See: p. 115 Sen. Tran.**

5. The court failed to articulate partularized reasoning that accorded with the provisions of **18,U.S.C.,§ 3553(c);** instead, the court improperly articulated as the basis to imposing a life sentence on Petitioner that he was in the middle of the decision to kill two young people, and furthermore the court stated as his reasoning: [The judge] "learned early in his tenure as a judge that when a judge can identify a dangerous offender then the judge should put that person away as long as possible for the protection of society that has been mu sentencing philosophy for 34 and a half years." Under **3553(c)** this is insufficient factual basis, and the consequent reasoning there from is insufficient as a matter of law. **See: Sen. Tran. at pp. 113 lines 13-14, and lines 22-25.**

6. By improperly granting the government's motion for an upward departure where the government was barred under the clear terms of the plea agreement from arguing for imposition of a particular guide-

line setting for Petitioner's BOL. **See: Sen. Tran. at p. 133 and terms of plea agreement.**

7. The court clearly erred in denying Petitioner's motion for a downward departure as a minor participant for the reason and grounds articulated by the court.

8. A review of the sentencing transcripts with respect to the government's arguments for an upward departure; objections to Petitioner's motion and argument; and the courts predisposed and articulated negative attitude toward Petitioner; the court's frequqntly expressed derogatory remarks denied Petitioner his Right to an impartial court contrary to the guarantees of the **5th and 6th Amendments to the U.S.Constitution.**

**GROUND THREE: THE PROSECUTORIAL MISCONDUCT IN THIS CASE IS AS FOLLOWS:**

1. In the plea agreement the government agreed that in exchange for Petitioner's plea of guilty the government reserved the right to argue for a sentence within the range of sentence for the offense level determined by the court under the **U.S.S.G., See: Plea Agreement at p.1.** Additionally, the government reserved the Right to present evidence on sentencing guideline issues, and with respect to any adjustments or departures that apply.

The government within the context of the plea agreement, agreed to limits on their ability to recommend a specific offense guideline level; leaving that for the court to determine. But retained its discretion to recommend a sentence at the high end of that range

found by the court to apply.

Page two paragraph 2 subpart c. the plea agreement specifically addressed a matter that bared directly on determining the offense level, BOL. And it is here the signatures to the plea agreement agreed the government would step in and specifically recommend an offense level based on Petitioner's pleading guilty in time to save the government the time and expense of preparing for trial and admitting to his own role in the offense; a three point downward departure for acceptance of responsibility under **U.S.S.G.§ 3E1. 1.** This **paragraph two at. p. two subpart "C."** is the only **section** in this document that provided for the government to step in and recommend an offense level. The plea agreement at p. one a noted **Ante** provided only for the government to argue for placement within a BOL range only once the court found that range. The government clearly violated not only the spirit of the plea agreement but the explicit terms of this document by arguing for an upward departure that the court granted.

2. By entering into a plea agreement with the unconstitutional intent to induce Petitioner to commit to the agreement by his signsture; thus locking him into said agreement once he had plead guilty by the provision setting in as a provision Petitioner could not withdraw his guilty ples; when the government enterred the agreement with malicious intent to snare him into pleading guilty then turn around and intentionally violate the terms; knowing it could do so with impunity given the nature of the charge(s) and the court's stated attitude toward a defendant charged thusly.

3. Based on the government's conduct set out in paragraphs 1 and 2 above the government contrary to the provisions of the due process clause of the **Fifth Amendment** and the provisions of the **Sixth Amendment** took an unfair advantage of Petitioner in entering into said plea agreement with the malicious and unconstitutional intent to twist and violate the terms of this contract from its inception.

**GROUND FOUR:** **DUE TO THE PROSECUTORIAL MISCONDUCT AND THE ABUSE OF DISCRETION ON THE PART OF THE COURT, PETITIONER'S COUNSEL WAS RENDERED CONSTRUCTIVELY INEFFECTIVE CONTRARY TO THE PROVISIONS OF THE FIFTH AND SIXTH AMENDMENT TO THE U.S. CONSTITUTION.**

**GROUND FIVE:** **DUE TO THE CUMULATIVE ERROR IN THIS CASE PETITIONER WAS DENIED HIS RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS TO THE CONSTITUTION TO A FAIR AND UNBIASED SENTENCING PROCEEDING AND THE CONSEQUENT IMPOSITION OF A LIFE SENTENCE VIOLATED THE FIFTH AND SIXTH AMENDMENTS.**

**GROUND SIX:** **PETITIONER'S CLAIMS UNDER BLAKELY AND BOOKER/FANFAN ARE AS FOLLOWS:**

It is Petitioner's position that the sentencing court improperly enhanced his BOL and consequently his sentence based on judge made findings, that were not set forth in the plea agreement nor admitted to by Petitioner; contrary to the provisions of the **Sixth Amendment**, and **Blakely, and Booker/Fanfan,** where the Supremem Court determined that all facts relied on by the court to impose a sentence must be authorized by the jury's verdict, or agreed to in

the plea agreement, or admitted to by the defendant in open court.

Contrary to **Blakely and Booker/Fanfan** the sentencing court enhanced Petitioner's sentence based on judge made findings in violation of the **Sixth Amendment** to the U.S.Constitution specifically:

1. By judge made findings the district court improperly enhanced Petitioner's BOL seven points and consequently his sentence under **USSG § 2B3.1(b)(2).**

2. By judge made findings the district court enhanced Petitioner's BOL 4 points, and consequently his sentence under **USSG§2B3.1(b)(4).**

3. By judge made findings the district court enhanced Petitioner's BOL two points, and consequently his sentence unde **USSG § 2B3.1(b)(5).**

4. By judge made findings the district court under **USSG § 5k2.9** departed upward three points to impose a life sentence on Petitioner.

**Dated: May 20,2005**

**Respectfully Submitted:**

Samuel Sanchez
Reg.No.04949-070

## CERTIFICATE OF SERVICE

I,Samuel Sanchez, swear under penalty of perjury that I placed in the Prisoners Special Legal Mail Depository postage prepaid first class at U.S.P. Beaumont on May 20,2005 a copy of the foregoing **Section 2255** addressed to:

Certified Mail Receipt No:
7004 2510 0004 2934 4687

David A.DiMarzio,Clerk
John O.Pastore Federal Bldg.
2 Exchange Terrace
Providence,Rhode Island
02903-1779

By regular mail

Assistant United States Attorney's
Office Fleet Center
50 Kennedy Plaza, 8th Fl.
Providence, Rhode Island 02903

Respectfully Submitted:

Samuel Sanchez
Reg.No. 0449-070
P.O.Box 26030
Beaumont,TX 77720-6030

Therefore, movant asks that the Court grant the relief to which he or she may be entitled.

______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on ______________________ May 20, 2005 (month, date, year).

Executed (signed) on May 20, 2005 (date).

Signature of Movant (required)

Samuel Sanchez
Reg.No.04949-070
P.O.Box 26030
Beaumont, TX. 77720-6030