FILED
OCT 13 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Samuel Sanchez
Reg. No. 04949-070
P.O. Box 26030
Beaumont, Tx. 77720-6030

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Samuel Sanchez,** Plaintiff, | : | **Motion/Appointment of Counsel** |
| | : | **Notice Of Intent To File A Memorandum Of Points And Authorities In Support Of COA** |
| **vs.** | : | |
| **United States Of America,** Respondent. | : | **Civil No. 05-240L** |

Comes now Samuel Sanchez, Plaintiff, ("Plaintiff") and asks the court for to allow Plaintiff to submit a memorandum of points and authorities in support of his application for a Certificate of Appealability, this matter is based on the following:

1. First, Plaintiff is without funds to retain counsel to perfect his certificate of appealability ("COA"), and because he is non cognizant of the law he of necessity is dependant on his fellow prisoners to assist him with perfecting his COA.

2. Second, Plaintiff ask this court to liberally construe his this pleading.

3. Here on October 5, 2005 Plaintiff received this court's memorandum and order denying his petition under section 2255 for the reason his motion was purportedly totally devoid of merit.

4. It is Plaintiff's position that the court erred in not allowing him the opportunity to traverse the government's response to his § 2255.

5. Effective December 1, 2004 the United States Supreme Court amended the rules governing both sections 2255 and 2254.

6. The amended rules governing section 2255s provided in part that a 2255 petitioner has a right to traverse the government's response to his petition; here the rule noted that previously it had been left to the discretion of the court whether to allow a 2255 petitioner to traverse or not, but that specifically the new amended rule provided a right to traverse the government's response, but that the court court set the time within which the traverse must be filed with the court.

7. Plaintiff was preparing a motion for an extension of time to file his traverse with the court having just received the government's response, then hurricane Rita hit the Beaumont area and the U.S. Penitentiary and the whole Beaumont prison complex went on cell lock down of all the prisoners in the complex.

8. And due to the level of damage at the complex the F.C.I. was evacuated with some 1,500 plus prisoners being transferred out to other facilities in the BOP; the USP was damaged as well but it did not result in the transfer at this time of its prisoners.

9. Specific and germane to this motion is the fact that the Beaumont post office sustained damage and no mail has been incoming into the prison since September 22, 2005 the day the USP was cell locked down in anticipation of Rita, the first mail delivery to prisoners was October 5, 2005.

10. In turn outgoing mail too was at a standstill, and the law library has just been recently reopened in the last two days, Plaintiff has with due diligence and speed produced this motion to bring to the attention of the court that he will 1) file a memorandum or points and authorities in support of his application for a COA at the time he submits his notice of appeal with the court, and 2) to protest the court disallowing him the opportunity under the revised rules to traverse the government's response to his 2255.

11. Additionally and in support of Plaintiff's position that he was entitled to submit a traverse iterating his position that the government in fact violated the plea agreement in recommending a sentence contrary to the language of the provision of the plea agreement that under **Santobello v. New York, 404 U.S. 257, 30 L.Ed.2d 427, 92 S.Ct. 495 (1971)** where it is Plaintiff's position the government clearly breached the provisions of the plea bargain that in exchange for Plaintiff's plea of guilty the government would not recommend/argue for a specific sentence.

12. Plaintiff further presents that counsel was ineffective in not placing a qualified witness on the stand with respect to testifying concerning Plaintiff's state of mind that could have mitigated his sentence.

13. Moreover, the court in its order erred in asserting Plaintiff plead guilty to aiding and abetting a carjacking; Plaintiff did not plead guilty to aiding and abetting.

14. In addition, the revised rules to § 2255 allows for the court to appoint counsel; and Plaintiff moves the court under the circumstances and in light of his non-cognizance of the law and

procedure to appoint counsel to perfect his COA.

15. Plaintiff in support of his request for appointment of counsel suggests appointment is warranted based on the record and the fact that USP Beaumont has not recovered from the impact of Rita, Plaintiff's inability to hire counsel, and the fact that the court has not allowed him the right under the amended rules governing section 2255s to traverse the government's response to this § 2255.

## IN CONCLUSION

**WHEREFORE** and in conclusion Samuel Sanchez, Plaintiff ask the based on the foregoing ask the court first to assign counsel to perfect his COA, and second to allow him the opportunity to file a memorandum of points and authorities in support of his application for a COA to be submitted with this court along with his notice of appeal, or any other relief the court deems just and proper.

Dated: October 5, 2005

Respectfully Submitted:

Samuel Sanchez
Reg. No. 04949-070
P.O. Box 26030
Beaumont, Tx. 777-206030

## CERTIFICATE OF MAILING

I, Samuel Sanchez, swear under penalty of perjury that I place a copy of the foregoing motion in the prisoners' special legal mail depository at U.S.P. Beaumont postage prepaid first class on October 5, 2005 addressed to:

U.S. Attorney's Office
50 Kennedy Plaza 8th Fl.
Providence, RI. 02903

United States District Court
Attn: Clerk's Office
John O. Pastore Fed. Bldg.
Two Exchange Terrace
Providence, RI 02903-1779

Signed:

Received
10-5-05

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL SANCHEZ | ) | |
| | ) | |
| v. | ) | C.A. No. 05-240L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM AND ORDER

Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is totally devoid of merit. The Government has ably refuted each and every claim asserted by the petitioner in its objection to the motion.

Petitioner pleaded guilty to conspiracy to commit carjacking, carjacking resulting in death, and aiding and abetting a carjacking that resulted in death, pursuant to a plea agreement. He received what he bargained for -- no death sentence. This Court imposed a sentence of life imprisonment which was clearly justified. That sentence was affirmed on appeal by the First Circuit Court of Appeals. Certiorari was denied by the United States Supreme Court. No more need be said. Petitioner's motion hereby is denied.

It is so Ordered.

Ronald R. Lagueux
Ronald R. Lagueux
Senior U.S. District Judge
September 28, 2005

10

Received
10-5-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Samuel Sanchez | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-240L |
| | : | |
| USA | : | |
| Defendant. | : | |

JUDGMENT

**[ ] Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.**

**[ x ] Decision by the Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.**

IT IS ORDERED AND ADJUDGED:

**Judgment** shall enter for the defendant USA against the petitioner Samuel Sanchez, in accordance with the Court's Memorandum and Order dated 9/28/05 denying petitioner's 2255 petition.

Deputy Clerk
September 30, 2005

11